UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAN F. BECKER, | ) |
|       Petitioner | ) |
| v. | ) Civil No. 07-171-B-W |
| ATTORNEY GENERAL, MAINE, | ) |
|       Respondent | ) |

**ORDER GRANTING MOTION TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> AND DECISION RECOMMENDING SUMMARY DISMISSAL OF 28 U.S.C. § 2254 PETITION**

Jan Becker, who is presently confined at the Mansfield Correctional Institution[1] in Ohio has filed a 28 U.S.C. § 2254 petition directed at the Attorney General of the State of Maine.[2] He has also filed a motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. (Docket No. 3.) I grant the motion to proceed without payment of the filing fee.

With respect to the 28 U.S.C. § 2254 petition, I recommend that the court summarily dismiss it pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings. The Attorney General of Maine is not the proper respondent for a 28 U.S.C. § 2254 petition challenging Becker's confinement in Ohio and this court is not the proper forum for a habeas action apropos the Ohio judgment and confinement. <u>See</u> <u>Becker v. Hudson</u>, Civ. No. 07-10063-RWZ, Docket No. 3 (D. Mass. Jan. 19, 2007) (Zobel, Dist. J.).[3]

---

[1] Becker indicates that he is being held there in the "Secret United Way Death Gulag #3."
[2] Becker lists fifty-six other respondents in the space provided on the form petition, adding "etc." at the end of this list.
[3] A review of the National Party/Case Index reveals over fifty similar petitions filed by Becker in United States District Courts throughout the country. Re-characterizing this petition as a civil rights action

NOTICE

   A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

            /s/ Margaret J. Kravchuk
            U.S. Magistrate Judge

November 7, 2007.

---

would not benefit Becker.  The United States District Judge Catherine Blake of the District of Maryland recently entered the following memorandum on Becker's 28 U.S.C. § 2254 petition in that court:

   The above-captioned action filed on September 17, 2007, was captioned as a petition for writ of habeas corpus. The pro se pleading names 37 respondents and asserts that petitioner has been kidnapped and imprisoned on the basis of secret trials conducted by the United Way. Paper No. 1. For the reasons set forth below, the case, more properly construed as a civil rights action, must be dismissed.

   Mr. Becker is incarcerated in an Ohio state correctional facility serving a life sentence for rape and related charges. Although his pleading is no picture of clarity, he appears to allege that his current incarceration was a part of a vast conspiracy to cover up the United States' invasion of Iraq and included the President of the United States. Paper No. 1. Others involved in the conspiracy include congressman, senators, former United States Attorneys General, the Maryland Attorney General, and present and former governors of the state of Maryland. Id. The case is frivolous as it contains no cognizable basis for relief and has been filed in the wrong jurisdiction.

   The pleading is subject to dismissal. Mr. Becker was enjoined from filing lawsuits in the United States District Court for the Northern District of Ohio because of his "repeated filing of frivolous and duplicative lawsuits." See Becker v. Ohio State Legal Services, et al., Civil Action 1:00-cv-2784 (D. N.D. Oh. 2000). Under 28 U.S.C. § 1915(g):

   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

   Mr. Becker has been enjoined from filing lawsuits in a United States District Court and may not file a proceeding in forma pauperis in this court (footnote omitted) unless he is under imminent danger of serious physical injury, which he can not establish with respect to the allegations raised in this case.

Becker v. Hudson, Civil No. CCB-07-2494, Docket No. 4(D. Md. Oct. 4, 2007)